**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03738-NYW

JHON MEJIA CONTRERAS,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
DAVID VENTURELLA, in his official capacity,
MARKWAYNE MULLIN in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the “Petition”), [Doc. 1], and Petitioner’s Emergency Motion for Temporary Restraining Order and Preliminary Injunction (“Motion”), [Doc. 2]. Respondents filed responses, [Doc. 9; Doc. 10], and Petitioner has replied, [Doc. 12]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED**.

**BACKGROUND**

Petitioner Jhon Mejia Contreras (“Petitioner” or “Mr. Mejia Contreras”) is a citizen of Colombia who arrived in the United States as a nonimmigrant visitor in February 2021. [Doc. 1 at ¶ 21]. While the exact details of his admission are unclear, the Government asserts that he was authorized to remain in the United States until August 24, 2021 and stayed in the country past that date. [*Id.* at ¶ 22]. Mr. Mejia Contreras obtained work

authorization and submitted an asylum application, which remains pending. [*Id.* at ¶ 24]. On August 6, 2026, he was detained by agents from U.S. Immigration and Customs Enforcement ("ICE"). [*Id.* at ¶ 29]. His counsel represents that Mr. Mejia Contreras received a Notice to Appear for removal proceedings but has not received a warrant or any other document establishing the basis for his detention. [*Id.* at ¶¶ 30–32]. Petitioner is currently detained at the Aurora ICE Processing Center. [*Id.* at ¶ 30]. He has not received a bond hearing. [*Id.* at ¶ 33].

Mr. Mejia Contreras challenges his detention on two bases. First, he argues that he is detained under 8 U.S.C. § 1226(a) and entitled to that provision's procedural protections—namely a warrant authorizing his detention and a bond hearing. [*Id.* at ¶¶ 40–53]. In the alternative, he contends that his arrest and detention violate the Fourth Amendment. [*Id.* at ¶¶ 54–58].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484

(1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

Petitioner's claims turn on whether his detention is governed by § 1226(a). The Court summarizes the statutory framework before turning to the facts of this case.

**I. Statutory Framework**

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226(a) "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). This provision "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. Section 1225(b)(2)(A) provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer

determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added).[1] Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

The Tenth Circuit has explained that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, --- F. 4th ----, 2026 WL 1876709, at *7 (10th Cir. June 30, 2026). "Since § 1225(b)(2)(A) applies only to those seeking admission," the Tenth Circuit has concluded that "§ 1225(b)(2)(A)'s application is limited to the border." *Id.* at *7–8.

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II. Section 1226(a) Applies to Petitioner

Based on *Santillan Quiroz*, Petitioner argues that his detention is governed by § 1226(a). [Doc. 1 at ¶¶ 35–36, 41–42]. Respondents do not dispute this point and have

[1] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *aff'd*, --- F.4th ----, 2026 WL 2352042 (1st Cir. Aug. 13, 2026); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 9], so the Court does not address detention under this subsection.

declined to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 9 at 2–3]. The Court respectfully agrees with Petitioner that *Santillan Quiroz* controls where, as here, a noncitizen is arrested in the interior of the United States and the Government asserts no other basis for detention. *See, e.g.*, *Hernandez Diaz v. Baltasar*, No. 26-cv-03019-NYW, 2026 WL 2516374, at *2 (D. Colo. Aug. 26, 2026).

The same is true here. Petitioner had been residing in the United States for more than five years when he was detained. Respondents identify no other possible basis for detaining him. Section 1226(a) thus governs Petitioner's detention.

**III. Petitioner's Detention Violates § 1226(a)**

Given that Petitioner is detained pursuant to § 1226(a), the Court finds his detention unlawful based on Respondents' failure to comply with its terms. As this Court has held, and as *Santillan Quiroz* confirms, detention without a bond hearing or individualized custody determination violates § 1226(a). *See, e.g.*, *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW , 2026 WL 503313, at *3 (D. Colo. Feb. 24, 2026); *see also Santillan Quiroz*, 2026 WL 1876709 at *17 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."). Respondents do not dispute that Petitioner has not received a bond hearing. *See* [Doc. 9].

But Respondents' noncompliance with § 1226(a) goes further. Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention

under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *see also Jennings*, 583 U.S. at 302 ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."). Accordingly, this Court has held that "a warrant is a mandatory predicate for commencing detention under § 1226(a)." *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880, at *5 (D. Colo. May 15, 2026).[2]

In his Petition, Mr. Mejia Contreras asserted that Respondents have provided no warrant authorizing his detention. [Doc. 1 at ¶¶ 30–32, 43–49]; *see also* [*id.* at 11 (Petitioner's counsel verifying the allegations)]. Despite these allegations, Respondents have produced no warrant, nor do they dispute Petitioner's assertion that they failed to obtain one. [Doc. 9]. On this record, the Court respectfully concludes that Respondents have detained Petitioner without a warrant. This violates § 1226(a).

## IV. Appropriate Remedy

Respondents contend that the proper remedy is a bond hearing, not immediate release. [*Id.* at 2]. As this Court has explained, however, release is the appropriate remedy when the Government detains a noncitizen without the warrant required by § 1226(a). *See Vo v. Baltazar*, No. 26-cv-02626-NYW, 2026 WL 1998578, at *4 (D. Colo. July 10, 2026). Accordingly, the Petition is respectfully **GRANTED** as to Petitioner's claim

[2] Another statute, 8 U.S.C. § 1357(a)(2), permits immigration officers to make warrantless *arrests* if they have probable cause to believe that a noncitizen is unlawfully present in the United States and likely to escape before a warrant can be obtained, *see generally Quezada-Estrada*, 2026 WL 1361880, at *5. There is no indication that ICE officers made a probable cause determination for Mr. Mejia Contreras. In any event, § 1357(a)(2) deals only with arrests. To initiate detention under § 1226(a), immigration officers must obtain a warrant. *See Jennings*, 583 U.S. at 302.

under § 1226(a).

Having granted Mr. Mejia Contreras the requested relief on statutory grounds, the Court need not reach his constitutional arguments. Consistent with its usual practice, the Court will order the Parties to submit a Joint Status Report regarding Petitioner's release. And because the Court has granted Petitioner his requested relief on the merits, the Motion for TRO is respectfully **DENIED as moot**. *See* [Doc. 12 at 4].

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED** as set forth herein;

(2) The Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 2] is **DENIED as moot**;

(3) Respondents **SHALL RELEASE** Petitioner from custody within **48 hours**; and

(4) On or before **September 17, 2026,** the Parties shall file a joint status report confirming that Petitioner was released.

DATED: September 10, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge